**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DANIEL FRAKER, *et al.*,

        *Plaintiffs*,

    v.

LINDA BOYD, *et al.*,

        *Defendants*.

Civil Action No. 1:25-CV-03086-BAH

## DEFENDANTS' UNOPPOSED MOTION TO SEAL

Defendants The Johns Hopkins University, Linda Boyd, Jennifer Calhoun, Mark Nelms, Jessica Oros, Gerard St. Ours, Kevin Shollenberger, Shanon Shumpert, Calvin Smith, David Smooke, Kyley Sommer, Hope Murphy Tyehimba, Dawna Cobb, Paul Pineau, Kate Nash, Veronica Potter, and Tueth Keeney Cooper Mohan & Jackstadt P.C. (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court pursuant to Local Rule 105.11 to seal Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss ("Opposition") (Dkt. No. 31). In support of the motion, Defendants state as follows:

1. The Fourth Circuit has held that "the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014).

2. Consistent with that qualified right, "Local Rule 105.11 requires the party seeking sealing to include '(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.'" *Piotrowski v. Wells Fargo Bank, N.A.*, 2015 WL 13612172, at *1 (D. Md. Mar. 19, 2015).

3.      Plaintiffs' Opposition should be sealed for several reasons.

4.      *First*, Plaintiffs' Opposition relies extensively on documents that Defendant The Johns Hopkins University produced as a third party in prior litigation involving Plaintiff Daniel Fraker, under a Protective Order that designated those documents as "Confidential." *See* Dkt. No. 27-2 (Protective Order).

5.      Based on that Protective Order, on September 17, 2025, Plaintiffs sought leave to seal the Complaint and supporting exhibits in this action. *See* Dkt. No. 2. That request remains pending. Also based on that Protective Order, on January 20, 2026, Defendants sought leave to seal their Memorandum in Support of their Motion to Dismiss the Complaint ("Memorandum") and Exhibits 1-3 to the Declaration of David E. Mills in Support of their Motion to Dismiss the Complaint. That request also remains pending.

6.      Plaintiffs' sealed Complaint includes sections and legal claims entirely reliant on materials produced as Confidential under the Protective Order. And Plaintiffs' Opposition, in turn, relies on and references Plaintiffs' sealed Complaint and on the confidential materials cited therein.

7.      *Second*, many of the materials cited in Plaintiffs' Complaint (and, by extension, in Plaintiffs' Opposition) are "education records . . . covered by the Family Education Rights and Privacy Act [FERPA]" that also contain "sensitive and graphic details" of a sexual assault victim's "personal life and the lives of her alleged assailant[]." *Borkowski v. Baltimore Cnty., Maryland*, 492 F. Supp. 3d 454, 494 (D. Md. 2020).

8.      The Fourth Circuit has held that there is "no doubt that [a] district court should consider FERPA in making its determination whether sealing of [] documents . . . is appropriate under the applicable First Amendment standard." *Rosenfeld v. Montgomery County Public Schools*, 25 Fed. Appx. 123, 132 (4th Cir. 2001).

9.     Courts routinely grant motions to seal "documents contain[ing] confidential and sensitive information about . . . alleged sexual assault and . . . academic records." *Doe v. Clemson Univ.*, 2018 WL 11707870, at *1 (D.S.C. June 11, 2018); *see also Borkowski*, 492 F. Supp. 3d at 494.  Courts have also "recognized that sexual assault Title IX cases concern matters of a sensitive, and highly personal nature, supporting the preservation of privacy both for alleged victims as well as alleged perpetrators of sexual misconduct." *Doe v. Liberty Univ., Inc.*, 2022 WL 4781727, at *6 (W.D. Va. Sept. 30, 2022) (internal quotation marks omitted).

10.     *Third*, because Plaintiffs' Opposition addresses claims that are entirely reliant on those confidential and sensitive materials—and on educational records created as a part of a Defendant's adjudication of a sexual assault allegation— "there would be no way to effectively redact [Plaintiffs' Opposition] while having it maintain coherence." *Borkowski*, 492 F. Supp. 3d at 494.

11.     If the Court concludes that sealing Plaintiffs' Opposition is unwarranted, Defendants respectfully request that the Court, at a minimum, order the parties to meet and confer to propose appropriate redactions.

12.     Plaintiffs do not oppose this Motion.

WHEREFORE, Defendants respectfully request that pursuant to Local Rule 105.11 the Court enter an order granting their motion to seal Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss.

Dated: April 9, 2026

Respectfully submitted,

COOLEY LLP
MCGUIREWOODS LLP


By: */s/ David E. Mills*

David E. Mills (Bar No. 16654)
Elizabeth B. Prelogar (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Joshua Revesz (*pro hac vice*)
Dev P. Ranjan (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC  20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899
Email: dmills@cooley.com
eprelogar@cooley.com
rtolentino@cooley.com
jrevesz@cooley.com
dranjan@cooley.com

Sarah K. Wake (*pro hac vice*)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: +1 312 849 8100
Facsimile: +1 312 849 3690
Email: swake@mcguirewoods.com

*Counsel for Defendants*
*The Johns Hopkins University, Linda Boyd,*
*Jennifer Calhoun, Mark Nelms, Jessica Oros,*
*Gerard St. Ours, Kevin Shollenberger, Shanon*
*Shumpert, Calvin Smith, David Smooke, Kyley*
*Sommer, Hope Murphy Tyehimba, Dawna*
*Cobb, Paul Pineau, Kate Nash, Veronica*
*Potter, and Tueth Keeney Cooper Mohan &*
*Jackstadt P.C.*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 9, 2026, a copy of the foregoing Defendants' Motion

to Seal was electronically filed and served via First Class Mail to:


Daniel Fraker
Daniela Barbosa
Russell Fraker
1163 Prairie View Drive
Waunakee, WI 53597
*Pro Se Plaintiffs*

> _/s/ David E. Mills_
> David E. Mills